UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION | ) |
| | ) |
| Plaintiff | ) |
| | ) |
| v. | ) Case No: 02 C 4128 |
| | ) |
| ROGER A. HOUSEHOLDER, | ) JUDGE MANNING |
| APEX CAPITAL MANAGEMENT | ) |
| CORPORATION, APEX LIMITED | ) MAGISTRATE JUDGE BROWN |
| PARTNERSHIP, HOUSEHOLDER | ) |
| ACCOUNTING, INC. AND AAPEX | ) |
| EQUITY ADVISORS, INC. | ) |
| | ) |
| Defendants. | ) |

## SECURITIES AND EXCHANGE COMMISSION'S RESPONSE TO MOTION OF ROGER HOUSEHOLDER TO MODIFY TEMPORARY RESTRAINING ORDER

Plaintiff, Securities and Exchange Commission ("Commission"), responds to the Motion of Roger Householder To Modify Temporary Restraining Order (Householder's Motion"). For the reasons set forth below, the Commission respectfully requests that the Court deny Householder's Motion, or in the alternative, limit withdrawals by Roger Householder ("Householder") to income earned after the July 11, 2002 asset freeze and require a monthly accounting.

### BACKGROUND

On June 10, 2002, the Commission filed its complaint and an Emergency Motion for Temporary Restraining Order and Other Ancillary Relief ("Emergency Motion") seeking to halt an ongoing fraud involving defendants Householder, Apex Capital Management Corporation ("Apex Capital") and Apex Limited Partnership ("Apex L.P."). The Emergency Motion was

based upon the ongoing fraud and on Householder's long history of fraudulent conduct against investors and his investment advisory clients and his misappropriation of more than $2.3 million in investor funds. On June 11, 2002, this Court granted the Commission's Emergency Motion and entered a Temporary Restraining Order Against Roger Householder ("Temporary Restraining Order"), enjoining Householder from further violations of the anti-fraud provisions of the federal securities laws. Pursuant to the Commission's request that the Court exercise its equitable powers to preserve assets for eventual disgorgement to investors, the Temporary Restraining Order included a provision freezing Householder's assets, as well as a provision prohibiting the destruction of any documents. The Temporary Restraining Order, and the related asset freeze, was extended to July 8, 2002 by the Honorable Judge Holderman.[1] On July 8 and July 22, 2002, this Court entered orders extending the asset freeze. The Court's July 22, 2002 Order continued the asset freeze until further order of Court.[2]

On June 13, 2002, this Court entered an order referring this action to Magistrate Judge Brown for a hearing on the Commission's Motion for a Preliminary Injunction. On July 2, 2002, Magistrate Judge Brown held an evidentiary hearing on the Commission's Motion for a Preliminary Injunction. On July 3, 2002, Magistrate Judge Brown issued a Report and Recommendation, recommending that this Court grant the Commission's Motion for Preliminary Injunction, including the Commission's request for an asset freeze. (See Report and Recommendation, at 15-16).

---

[1] Judge Holderman's order also allowed Householder to withdraw $2500.00 to retain a lawyer, and $1000.00 for householder expenses.

[2] Householder's motion technically asks that the Court modify the Temporary Restraining Order. However, the Temporary Restraining Order expired on July 8, 2002, and is no longer in effect.

## **ARGUMENT**

An interim asset freeze allows courts to ensure that assets will be available to enforce the equitable remedy of disgorgement, and ensure that the defendants will not secrete or dissipate any assets within their control pending the entry of a final order. SEC v. Unifund SAL, 910 F.2d 1028, 1040-42 (2d Cir. 1990); SEC v. Thorn, 2001 WL 1678787 at *1 (S.D. Ohio, Nov. 16, 2001); SEC v. Pinez, 989 F. Supp. 325, 336 (D. Mass. 1997); SEC v. Current Financial Services, 783 F. Supp. 1441, 1443-45 (D.D.C. 1992); SEC v. General Refractories, Co., 400 F. Supp. 1248, 1259 (D.D.C. 1975). Courts have recognized that a disgorgement order may be rendered meaningless unless an asset freeze is imposed prior to the entry of a final judgment. See, e.g., SEC v. Vaskevitch, 657 F. Supp. 312, 315 (S.D.N.Y. 1987); International Controls Corp. v. Vesco, 490 F.2d 1334, 1347 (2d Cir. 1974).

The evidence presented by the Commission at the hearing on its motion for a preliminary injunction established the likelihood that Householder has repeatedly violated the federal securities laws, as alleged in the Commission's complaint. (See Report and Recommendation, at pp. 3-8, 15). According to the Magistrate, the Commission's "evidence demonstrated a pattern of Householder's misappropriating his client's funds for his own purposes. Thus, there is a substantial risk that he will dissipate any funds that become available to him unless he is enjoined from doing so," (See Report and Recommendation, at pp. 15-16). Based upon this showing, the Court has the authority to continue the asset freeze against Householder. SEC v. Unifund SAL, 910 F.2d 1028, 1040-42 (2d Cir. 1990).

Householder's Motion does not dispute any of the above, but requests a modification to the asset freeze to allow him to withdraw $3000 monthly to meet certain living expenses, detailed in the motion. Householder should not be permitted to withdraw these funds for two

reasons. First, Householder has failed to demonstrate the need for such withdrawals. While, Householder lists certain of his household's unpaid bills, he fails to document his household's earnings, which may be available to cover these expenses. For example, Householder makes no mention of whether any income is earned by his wife. According to Householder's 2001 federal income return, Householder's wife earned more than $50,000 last year. Because he has omitted this information, Householder has not demonstrated that his wife's income cannot cover the listed expenses and, therefore, has not shown that it is necessary for him to withdraw funds from frozen assets.

Second, it is clear that Householder's assets will not be nearly enough to cover the eventual disgorgement of the more than $2.3 million in investor funds that he misappropriated. Householder's accounting of his assets and liabilities, attached as an exhibit to Householder's Motion, shows total assets of roughly $356,000 – far less than will be necessary to cover his eventual disgorgement obligation. Therefore, it is clear that every dollar Householder spends will be a dollar not returned to investors. This is a factor to be considered when determining whether to allow withdrawals from frozen funds. See e.g., CFTC v. Noble Metals International, Inc., 67 F.3d 766, 774-75 (9th Cir. 1995) (fact that frozen assets fell short of amount needed to compensate customers was sufficient reason to deny defendant's request to withdraw funds for attorney's fees).

Finally, in the alternative, should the Court determine that Householder is entitled to withdraw funds for living expenses, the Commission requests that the Court (1) limit such withdrawals to funds earned by Householder after the institution of the asset freeze (i.e., to his current income) and (2) require Householder to send the Commission a monthly accounting, including supporting documents, reflecting all of his household's earnings (including those of his

4

wife, himself, and Householder Accounting Services, Inc.) and all of the expenses paid by withdrawals from frozen accounts. This accounting is necessary so that the Commission, and if necessary, this Court, can determine whether funds are being improperly spent, dissipated or hidden.

Respectfully submitted,

Dated:  July 31, 2002

Kristopher S. Heston, IL Bar No. 6204816
One of the attorneys for Plaintiff
Securities and Exchange Commission
175 West Jackson, Suite 900
Chicago, IL 60604
(312) 353-7390

## CERTIFICATE OF SERVICE

I, Kristopher S. Heston, one of the attorneys for Plaintiff Securities and Exchange Commission, hereby certify that on July 31, 2002, I caused true and correct copies of the SECURITIES AND EXCHANGE COMMISSION'S RESPONSE TO MOTION OF ROGER HOUSEHOLDER TO MODIFY TEMPORARY RESTRAINING ORDER to be served upon the following persons by the method shown below:

By facsimile and U.S. Mail:
Apex Capital Management Corporation
and Apex Limited Partnership
c/o Peter B. Shaeffer, Esq.
29 South LaSalle Street
Suite 620
Chicago, Illinois 60603

By facsimile and U.S. Mail:
Householder Accounting Services, Inc.
c/o Roger A. Householder
President
1119 South Greenwood
Park Ridge, IL 60068

By facsimile and U.S. Mail:
Roger A. Householder
c/o Rosemarie J. Guadnolo, Esq.
Horvath & Lieber, P.C.
300 West Washington Street
17th Floor
Chicago, Illinois 60606

By facsimile and U.S. Mail:
Aapex Equity Advisors, Inc.
c/o Roger A. Householder
President
1119 South Greenwood
Park Ridge, IL 60068

Kristopher S. Heston Illinois Bar No. 6204816
One of the Attorneys for Plaintiff
Securities & Exchange Commission
175 West Jackson, Suite 900
Chicago, IL  60604
(312) 353-7390

**UNITED STATES**
**SECURITIES AND EXCHANGE COMMISSION**
MIDWEST REGIONAL OFFICE
SUITE 900
175 WEST JACKSON BOULEVARD
CHICAGO, ILLINOIS 60604-2615



# FACSIMILE COVER SHEET

PLEASE DELIVER THE FOLLOWING PAGES TO:

Name:  Rosemarie J. Guadnolo, Esq.

Organization:  Horvath & Lieber, P.C.

Fax Number:  312.419.6666

Telephone Number:  312.419.6600

Total Pages (including this page):

Date:  July 31, 2002

SENDER:                    KRISTOPHER S. HESTON, SENIOR ATTORNEY
                           DIVISION OF ENFORCEMENT
                           Telephone:      (312) 886-1658
                           Facsimile:      (312) 353-7398

Message:

*If you do not receive all pages, please call the sender at the above number.*

NOTE:  THIS DOCUMENT MAY CONTAIN PRIVILEGED AND NONPUBLIC INFORMATION.  IT IS INTENDED ONLY FOR THE USE OF THE INDIVIDUAL OR ENTITY NAMED ABOVE AND OTHERS WHO SPECIFICALLY HAVE BEEN AUTHORIZED TO RECEIVE IT.  If you are not the intended recipient of this facsimile, or the agent responsible for delivering it to the intended recipient, YOU ARE HEREBY NOTIFIED that any review, dissemination, distribution, or copying of this communication is strictly prohibited. If you have received this communication in error, please notify us immediately by telephone and return the original to the above address by regular postal service without making a copy. Thank you for your cooperation.

```
*********************
***   TX REPORT   ***
*********************
```

TRANSMISSION OK

| | |
|---|---|
| TX/RX NO | 2408 |
| CONNECTION TEL | 94196666 |
| CONNECTION ID | |
| ST. TIME | 07/31 16:07 |
| USAGE T | 02'02 |
| PGS. SENT | 7 |
| RESULT | OK |

### UNITED STATES
# SECURITIES AND EXCHANGE COMMISSION
MIDWEST REGIONAL OFFICE
SUITE 900
175 WEST JACKSON BOULEVARD
CHICAGO, ILLINOIS 60604-2615



# FACSIMILE COVER SHEET

PLEASE DELIVER THE FOLLOWING PAGES TO:

Name: Rosemarie J. Guadnolo, Esq.

Organization: Horvath & Lieber, P.C.

Fax Number: 312.419.6666

Telephone Number: 312.419.6600

Total Pages (including this page):

Date: July 31, 2002

SENDER:          KRISTOPHER S. HESTON, SENIOR ATTORNEY
                 DIVISION OF ENFORCEMENT
                 Telephone:      (312) 886-1658
                 Facsimile:      (312) 353-7398

Message:

**UNITED STATES
SECURITIES AND EXCHANGE COMMISSION**
MIDWEST REGIONAL OFFICE
SUITE 900
175 WEST JACKSON BOULEVARD
CHICAGO, ILLINOIS 60604-2615



# FACSIMILE COVER SHEET

PLEASE DELIVER THE FOLLOWING PAGES TO:

Name:    Peter B. Shaeffer, Esq.

Organization:

Fax Number: 312.201.4559

Telephone Number: 312.782.5306

Total Pages (including this page):

Date: July 31, 2002

SENDER:                 KRISTOPHER S. HESTON, SENIOR ATTORNEY
                        DIVISION OF ENFORCEMENT
                        Telephone:      (312) 886-1658
                        Facsimile:      (312) 353-7398

Message:

*If you do not receive all pages, please call the sender at the above number.*

NOTE:  THIS DOCUMENT MAY CONTAIN PRIVILEGED AND NONPUBLIC INFORMATION.  IT IS INTENDED ONLY FOR THE USE OF THE INDIVIDUAL OR ENTITY NAMED ABOVE AND OTHERS WHO SPECIFICALLY HAVE BEEN AUTHORIZED TO RECEIVE IT.  If you are not the intended recipient of this facsimile, or the agent responsible for delivering it to the intended recipient, YOU ARE HEREBY NOTIFIED that any review, dissemination, distribution, or copying of this communication is strictly prohibited.  If you have received this communication in error, please notify us immediately by telephone and return the original to the above address by regular postal service without making a copy. Thank you for your cooperation.

```
       *********************
 ***    TX REPORT    ***
       *********************

TRANSMISSION OK

TX/RX NO              2409
CONNECTION TEL                92014559
CONNECTION ID
ST. TIME             07/31 16:10
USAGE T              02'08
PGS. SENT               7
RESULT               OK
```